Pratt, J.
This action was brought by tbe plaintiff to recover damages against tbe defendant for personal injuries alleged to have been received .by the plaintiff in tbe laundry of tbe defendant, where tbe plaintiff was employed as a starcher, •or to attend tbe starching machine. Tbe plaintiff claimed to have received her injuries by slipping her left foot into a hole in the floor, which was near tbe whizzer, and from which whizzer .she was obtaining or loosening goods to put in the starcher. Upon the floor, where defendant was required to be in doing her work, there was a wooden grating, similar to those used in horse cars. The hole in the floor was used for sweeping refuse and waste water into.
The business was such that the floor was necessarily wet and ¡slippery, and the plaintiff must be deemed to have taken the risk of slipping upon the floor, as incident to the employment.
The floor had become somewhat rotten in places, but the hole where the accident occurred was used as above stated, and was, ■as much a necessary part of the machinery of the business, as the starcher or any other devise in constant use in the work. The hole had either been made, or left in the condition it was in, because it was useful, and had been appropriated to the purpose *51 before stated. The defendant had a right to have a hole in his floor, so long as his employees were as well informed of the danger as himself, and it is immaterial how the hole came to be there, so long as it was adopted as a useful devise in the business, and was in constant use. Nobody ever heard of a tanner being required to fence his vats, to keep his employees from slipping or falling into them. The case is parallel.
The proximate cause of the injury was slipping upon the wet floor, and it is a pertinent inquiry how any reasonable man, before the accident, could have anticipated such an occurrence, and taken precaution to guard against it.
The familiar principle is, that where a servant sustains injury through defective machinery or conveniences furnished by his employer, if he has the same knowledge of the defects as his employer, he cannot sustain an action for such injury. Wright v. N. Y. C. R. R., 25 N. Y., 56; Marsh v. Chickering, 101 N. Y., 398.
The plaintiff knew of this hole as well as the defendant if it is regarded as being a defect in the floor, and the case last cited announces the principle that should govern.
It may well be doubted, whether the hole could be called a defect, as it was used in connection with the business. There was nothing secret or occult about it, and nothing that required warning or other precaution to prevent plaintiff from falling into it.
In any view of the facts, the plaintiff ought not to have been permitted to recover.
Judgment reversed.
Pratt J., concurs; Barnard, P. J., not sitting.